# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| HADRIAN MUMPUKU, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | CIVIL ACTION NO.  4:18-CV-00785<br>Judge Mazzant |
| CITY OF PLANO, PLANO POLICE DEPARTMENT, BRAD NEAL, Individually, and MEDICAL CITY OF PLANO | § § § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Letter Motion for Summary Judgment (Dkt. #76). Having considered the motion and the relevant pleadings, the Court finds that Plaintiff's motion should be **DENIED**.

### BACKGROUND

This case arises from Plaintiff's arrest by Sergeant Brad Neal ("Neal"), an employee of the Plano Police Department.  On November 5, 2016, the Plano Police Department received multiple 911 calls.  The calls reported that an individual—later identified as Plaintiff—was walking in the center of the Southbound service road of Central Expressway.  The individual was said to be "yelling, cussing and waving his hands, hitting at passing cars, banging on car windows, jumping in front of cars, stopping vehicles and yelling at the drivers, attempting to open a car door, and generally acting highly irrationally" (Dkt. #30 at pp. 1–2).  Neal was called to the scene to assist in arresting Plaintiff.  After multiple failed attempts, Neal discharged his taser gun, which hit Plaintiff.  Plaintiff was then promptly arrested.

On February 3, 2021, Plaintiff filed the present motion (Dkt. #76). Defendants have not responded.

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the

nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Plaintiff seeks summary judgment because his former attorney, Emmanuel Obi ("Obi"), has not complied with the Court's January 13, 2021 Order.[1] As a threshold matter, the Court notes that Obi is not a party to this action.

After a careful review of the record, the Court is not convinced that Plaintiff has met his burden in demonstrating that there is a basis for summary judgment. Thus, summary judgment on Plaintiff's claims is improper.

---

[1] The Court ordered Obi to provide Plaintiff with a copy of his case file within fourteen days (Dkt. #70).

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. #76) is hereby **DENIED**.

**SIGNED this 19th day of March, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE