# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| HADRIAN MUMPUKU, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | CIVIL ACTION NO.  4:18-CV-00785 |
| v. | § | Judge Mazzant |
| | § | |
| CITY OF PLANO, PLANO POLICE | § | |
| DEPARTMENT, BRAD NEAL, | § | |
| individually, and MEDICAL CITY OF | § | |
| PLANO, | § | |
| | § | |
| *Defendants*. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant Medical City Plano's Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6) (Dkt. #72).  Having considered the motion and the relevant pleadings, the Court finds that Defendant's motion should be granted.

## BACKGROUND

This case arises from Plaintiff's arrest by Sergeant Brad Neal ("Neal"), an employee of the Plano Police Department.  On November 5, 2016, the Plano Police Department received multiple 911 calls.  The calls reported that an individual—later identified as Plaintiff—was walking in the center of the Southbound service road of Central Expressway.  The individual was said to be "yelling, cussing and waving his hands, hitting at passing cars, banging on car windows, jumping in front of cars, stopping vehicles and yelling at the drivers, attempting to open a car door, and generally acting highly irrationally" (Dkt. #30 at pp. 1–2).  Neal was called to the scene to assist in arresting Plaintiff.  After multiple failed attempts, Neal discharged his taser gun, which hit Plaintiff.  Plaintiff was then arrested.

On January 27, 2021, Defendant Medical City of Plano ("MCP") filed the present motion (Dkt. #72).  On February 4, 2021, Plaintiff filed a response (Dkt. #77).

## LEGAL STANDARD

### I.   12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case.  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts."  *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).  The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff.  *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994).  Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction.  *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief.  *Lane*, 529 F.3d at 557.

## II.     12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).  The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  The Court must then determine whether the complaint states a claim for relief that is plausible on its face.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion.  First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556

U.S. at 664.  Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief."  *Id.*  "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'"  *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted).  This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

MCP asserts that the Court does not have subject matter jurisdiction over Plaintiff's state law health care liability claims.  Alternatively, MCP argues that the statute of limitations passed on any claim against it long before suit was filed, and thus Plaintiff's claims against MCP should be dismissed under Rule 12(b)(6).

Plaintiff responds that the Court should exercise supplemental jurisdiction over his health care liability claims under 28 U.S.C. § 1367.  Regarding MCP's statute of limitations argument, Plaintiff contends that the relation-back doctrine "allows an original pleading to be amended or supplemented with new causes of action so long as the new claim arose out of the same transaction or occurrence" (Dkt. #77 at p. 2).

The Court first addresses MCP's challenge to the Courts' subject matter jurisdiction.

4

**I.**      **12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction**[1]

MCP argues that "[t]he claims against MCP are Texas state law health care liability claims which do not give rise to independent federal jurisdiction, and the Court should not exercise ancillary or supplemental jurisdiction over the claims because they do not arise from the same nucleus of operative facts as the claims against the co-Defendants" (Dkt. #72 at p. 6).

Plaintiff contends that the complaints against MCP do arise out of the same nucleus of operative facts.  Thus, Plaintiff asks the Court to exercise supplemental jurisdiction over his state law health care claims.

**a.   Type of Claim**

As an initial matter, Plaintiff does not ever allege exactly what claims he brings against MCP, nor does Plaintiff provide a statute under which the claims are brought.  However, the Court is persuaded that Plaintiff has alleged state law healthcare claims against MCP.  *See* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13) ("'Health care liability claim' means a cause of action against a health care provider for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.").

The Court's jurisdictional basis is federal question under 28 U.S.C. § 1331, and the parties have not cited to any Federal statute permitting independent jurisdiction. The Court therefore may only exercise jurisdiction, if at all, over the state law claims under 28 U.S.C. §1367.[2]

---

[1] In Defendant Brad Neal's Reply to his Motion for More Definite Statement (Dkt. #69), Neal asserted that the parties agreed the live pleading is Dkt. #29.  However, the Court notes an Amended Complaint was filed on February 13, 2020 (Dkt. #42).  Because this Amended Complaint was filed subsequent to Dkt. #29, the Court finds that Dkt. #42 constitutes the live pleading in this case.

[2] The health care claims asserted by Plaintiff do not constitute a collateral matter to the federal claims asserted by Plaintiff as to permit the exercise of jurisdiction under its power "to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."  *Kokkonen v. Guardian Life Ins. Co. of America*, 511

### b.  28 U.S.C. § 1367(a)

28 U.S.C. § 1367(a) provides that

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.   Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).  "The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they 'derive from a common nucleus of operative fact.'"  *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).  "But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole."  *United Mine Workers*, 383 U.S. at 725.  Supplemental jurisdiction's "justification lies in considerations of judicial economy, convenience and fairness to litigants . . . ."  *Id.* at 726.

The Court has determined that Plaintiff's claims against MCP arise under state law. Further, no dispute exists that the basis of the Court's jurisdiction is federal question.  Thus, the Court must determine whether Plaintiff's state law health care claims "form part of the same case or controversy under Article III[,]" 28 U.S.C. § 1367(a), as Plaintiff's federal causes of action asserted against Neal.  Importantly, "the relationship between [the federal] claim and the state claim" must "permit[] the conclusion that the entire action before the court comprises but one

---

U.S. 375, 380 (citations omitted); *See Nat'l City Golf Fin., a Div. of Nat'l City Commercial Cap. Co. v. Scott*, 899 F.3d 412, 416 (5th Cir. 2018) (noting that "collateral issues" include "things like fees, costs, contempt, and sanctions" (internal quotation omitted)).

'case.'" *United Mine Workers*, 383 U.S. at 725.  Put more simply: The Court must decide whether Plaintiff's allegations against MCP and Neal "derive from a common nucleus of operative fact." *Id*.

After reviewing Plaintiff's complaint, the Court is convinced that the state law claims do not arise from the same common nucleus of operative fact as Plaintiff's federal law claims.  The claims against Neal and MCP arise from wholly different factual circumstances: Neal allegedly used excessive force while arresting MCP, and MCP is alleged to have discharged Plaintiff from its facility without performing proper medical procedures.  *Cf. Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) ("Here, both the federal and state claims on the fact of the pleadings concern the same core factual issue: the proper diagnosis and treatment of Rick Mendoza's bladder cancer.").  Although Plaintiff went to the hospital following his arrest by Neal, the allegedly deficient care did not result from that interaction.  That interaction was completed by the time Plaintiff was admitted to MCP's facility.  Thus, the two incidences are unrelated for purposes of supplemental jurisdiction, and the federal and state law claims asserted by Plaintiff therefore do not arise from a common nucleus of operative fact.  As such, the exercise of supplemental jurisdiction over Plaintiff's claims against MCP is improper.  Because the Court does not have jurisdiction over Plaintiff's health care liability claims, the Court need not address MCP's Rule 12(b)(6) argument.

## CONCLUSION

It is therefore **ORDERED** that Defendant Medical City Plano's Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6) (Dkt. #72) is hereby **GRANTED**.

It is further **ORDERED** that Defendant Medical City of Plano is hereby **DISMISSED without prejudice**.

**SIGNED this 22nd day of April, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE